

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

06-20-00053-CR

_____

TAQUAN RASHAD SPRIGGS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 4th District Court
Rusk County, Texas
Trial Court No. CR19-198

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

Taquan Rashad Spriggs entered an open plea of guilty to aggravated assault with a deadly weapon causing serious bodily injury to an individual with whom he had a dating relationship, a first-degree felony. *See* TEX. PENAL CODE ANN. § 22.02(b)(1). After a punishment trial to the bench, the trial court sentenced Spriggs to eighty years' imprisonment. Spriggs appeals.

Spriggs's attorney has filed a brief that states that he has reviewed the record and has found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial proceedings. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On July 21, 2020, counsel mailed to Spriggs a copy of the brief, the motion to withdraw, and the appellate record. Counsel informed Spriggs of his right to review the record and file a pro se response. On August 10, Spriggs filed a pro se response that questioned whether (1) the State's *Brady*[1] notice "provide[d] written notice of material not otherwise provided in [his] discovery," (2) someone should have responded to his "Rusk County Jail Request" to lift his cash bond, (3) his attorney rendered ineffective assistance of counsel by allowing a plea offer of

---

[1] *See Brady v. Maryland*, 373 U.S. 83 (1963).

twenty-five years' imprisonment to lapse, (4) he had a duty to register as a sex offender based on his research in another case, (5) he should have been able to withdraw his plea of guilty based on a miscommunication with the plea offer, (6) the trial court should have sua sponte withdrawn the plea because it heard evidence that the offense was based on an accidental act, and (7) there was insufficient evidence to support the finding of guilt.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record and Spriggs's pro se brief and, like counsel, have determined that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *See id.*

We affirm the judgment of the trial court.[2]

Scott E. Stevens
Justice

Date Submitted:    September 15, 2020
Date Decided:      September 16, 2020

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.